# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 5482 | **DATE** | **NOV 15** 2000 |
| **CASE TITLE** | Laborers' Pension Fund v. McKinney | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the plaintiff's motion to modify judgment [Doc. #30] is GRANTED. The Fund is awarded $10,453.90 in penalties, fees and costs.

*/s/ David H. Coar*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 16 2000 date docketed | |
| X | Docketing to mail notices. | | | 36 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| dc(lc) | courtroom deputy's initials | 00 NOV 15 PM 6: 01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND AND LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, <br><br> Plaintiffs, <br><br> v. <br><br> LEE McKINNEY, d/b/a MC CONSTRUCTION COMPANY, <br><br> Defendant. | **DOCKETED** <br> NOV 1 6 2000 <br><br> No. 98 C 5482 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

On November 3, 1998, the Laborer's Pension Fund and Laborer's Welfare Fund of the Health and Welfare Department of the Construction and Construction and General Laborer's District Council of Chicago and Vicinity ("Funds") filed an action against Lee McKinney ("McKinney"), d/b/a MC Construction Company ("MC Construction") pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e)(1), (2), and the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185. This court entered a default judgment in favor of the Funds on March 9, 1999. The accompanying order awarded plaintiffs $2,487.60 in fees and costs incurred up to that point in litigation. In addition, McKinney was directed to submit to an audit. The court expressly

36

"retain[ed] jurisdiction in this matter to enforce a judgment in sum certain against Lee McKinney upon completion of the audit." See Judgment Order, March 9, 1999.

Instead of seeing a smooth resolution, the case took twists and turns. Because of McKinney's failure to comply with the court's order with respect to the audit, the plaintiffs moved for a Rule to Show Cause, which the court granted. See Minute Order of 6/11/99 [Doc. 10]. Subsequently, the court ordered McKinney to appear for a Citation to Discover Assets for examination of the books and records of MC Construction. See Minute Order of 8/24/99 [Doc. 11]. Although McKinney appeared at his deposition, he failed to tender the necessary documents. The deposition was reset. McKinney finally submitted the books and records of MC Construction at the later deposition date. Thereafter, McKinney filed a motion to vacate default judgment for lack of *in personam* jurisdiction and in the alternative, a motion to dismiss under Fed. R. Civ. P. 12(b)(7). After conducting an evidentiary hearing, the court denied defendants' motion to vacate. See Minute Order of 6/2/00 [Doc. 27].

The Funds now submit a motion to modify judgment. The court's March 9, 1999 judgment order was not final; instead, the court reserved jurisdiction pending a determination of penalties against the defendants. Pursuant to §502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and § 301 of the LMRA, 29 U.S.C. § 185, the Funds now seek judgment in the amount of $10,453.90, comprised of damages and attorney's fees.

In response to the plaintiffs' motion, McKinney argues that the court does not have jurisdiction to modify the March 9, 1999 judgment. Contrary to McKinney's assertion, this court explicitly retained jurisdiction over this case "to enforce a judgment in sum certain against Lee McKinney upon completion of the audit." McKinney stresses the latter part of that statement.

The audit is long over, McKinney points out, so the court no longer retains jurisdiction, or so goes his logic. McKinney too readily overlooks the earlier part of the sentence, which makes clear that the court was retaining jurisdiction until the amount owed could be ascertained and enforced. The audit indeed has been completed, and the Funds, now equipped with the information to calculate damages, seek delinquent contributions, interest, and fees and costs. The court retains jurisdiction to adjudicate this matter pursuant to its March 9, 1999 order.

Under § 502(g)(2) of ERISA, a plan, upon obtaining a favorable judgment, is entitled to recover unpaid contributions, interest on the unpaid contributions, and/or liquidated damages. 29 U.S.C. § 1132(g)(2)[1]. In addition, § 502(g)(2)(D) provides for an award of reasonable attorneys' fees and costs. See Central States, Southeast and Southwest Areas Pension Fund v. Kroger Co., 226 F.3d 903, 915 (7th Cir. 2000).

Here, the Funds seek to recover $10,453.90 from the defendants. $2,074.85 of this total amount reflects unpaid contributions, interest, liquidated damages, accumulated liquidated

---

[1] 29 U.S.C. § 1132(g)(2) reads in full:
In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
(A) the unpaid contributions,
(B) interest in the unpaid contributions,
(C) an amount equal to the greater of –
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provide for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)
(D) reasonable attorney's fees and costs of the action to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

damages, and audit costs for the period November 12, 1997 to March 31, 1998.[2] McKinney argues that he has paid off that portion of the liability through a previous settlement agreement. It must first be noted that MC Construction, not McKinney, reached a $3,500.00 settlement with the Funds. The settlement amount, however, has been credited to the defendants, and the amount sought in the instant motion for judgment reflects the adjusted total. McKinney does not challenge any other aspect of the penalty subtotal. Nor does the court find any of the claimed amounts to be problematic. The Funds are awarded $2,074.85 for unpaid contributions and other related costs.

The remaining $8,379.05 of the total damages sought by the Funds entails fees and costs incurred throughout the extensive motion practice involved in this case. McKinney takes issue with the reasonableness of the claimed fees. Notwithstanding the defendants' generalized assertion, the Funds have adequately substantiated the claimed fees with detailed affidavits and timesheets. The court is satisfied that the rate charged by the Funds' counsel and the amount of hours expended on the litigation were reasonable.

McKinney also urges the court to reduce the fee amount commensurate with the amount

---

[2] The Funds arrived at the damages subtotal as follows:

| | |
|---|---:|
| Welfare | $2,123.59 |
| 10% liquidated damages | $212.36 |
| Pension | $1,220.08 |
| 10% liquidated damages | $122.01 |
| Training | $65.95 |
| 10% liquidated damages | $6.60 |
| Assessed unpaid late charges | $419.80 |
| Interest (Welfare, Pension, Training Funds) | $180.21 |
| Audit costs | $1,224.25 |
| Less amount paid | ($3,500.00) |
| **Total currently owing** | **$2,074.85** |

of judgment. A fee request of over $8,000, McKinney insists, is "an astronomical amount" in light of the $2,074.85 sought in actual penalties. McKinney's argument is unavailing. Considering the protracted route this litigation took on account of the defendants, the claimed fees are reasonable. Moreover, fee awards need not be proportional to damages. See Wallace v. Mulholland, 957 F.2d 333, 339 (7th Cir. 1992) (rejecting contention that Supreme Court requires "correspondence between the degree to which a plaintiff has financially prevailed and the attorney fees awarded to him"); Central States, Southeast and Southwest Areas Pension Fund v. Central Cartage, Co., 992 F. Supp. 980, 984 (N.D. Ill. 1998) (citing Alexander v. Gerhardt Enter., Inc., 40 F.3d 187 (7th Cir. 1994)).

## Conclusion

For the foregoing reasons, the plaintiff's motion to modify judgment is GRANTED. The Fund is awarded $10,453.90 in penalties, fees and costs.

Enter:

David H. Coar
United States District Judge

Dated: **NOV 15 2000**